**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT TUTTLE, on his own behalf and
others similarly situated,**

                **Plaintiffs,**

**-vs-**                                                **Case No. 6:10-cv-1515-Orl-28KRS**

**LDP, LLC, d/b/a SAND ON THE BEACH,**

                **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE THE PARTIES' PROPOSED SETTLEMENT AND ENTER DISMISSAL WITH PREJUDICE (Doc. No. 23)** |
| **FILED:** | **March 15, 2011** |

**I.  PROCEDURAL HISTORY.**

Plaintiffs Robert Tuttle and Jeremy Robinson brought this case on behalf of themselves and all those similarly situated under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Robinson was the only employee to opt-in to the case, and the case was never certified as a collective action. Plaintiffs and Defendant LDP, LLC, seek the Court's approval of their settlement.

On March 15, 2011, the parties filed their joint motion. Doc. No. 23. Counsel for Plaintiff, Carlos V. Leach, Esq., filed an affidavit in support that contained a statement of the distribution of

settlement funds and Leach's time records in the case. Doc. No. 23 ("Matter Cost Ledger"). The motion seeks approval of a settlement of $2,050.00, consisting of $1,025.00 in unpaid wages and liquidated damages for each Plaintiff and $450.00 for attorney's fees and costs. Doc. No. 23 at 2. The Court referred this matter to me for report and recommendation as to whether any settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA issues." Doc. No. 5. As the motion is unopposed, it is ripe for consideration.

## II.   APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x 349 (11th Cir. 2009),[1] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

### III.   ANALYSIS.

#### A.   *Settlement Recovery.*

In their answers to the Court's interrogatories, Tuttle and Robinson averred they were owed $4,913.58 and $17,656.92, respectively, in overtime compensation plus an equal amount in liquidated damages for Defendant's alleged violations of the FLSA. Doc. No. 14-1 and 15-1. Plaintiffs concede that they worked as managers but they contend that they primarily performed non-exempt work. Defendant contends that Plaintiffs were exempt from the overtime provisions of the FLSA. There is also a dispute regarding the amount of overtime hours each Plaintiff worked. Because of the significant factual and legal disputes, Plaintiffs agreed to accept a lesser amount in overtime compensation and liquidated damages than set forth in their answers to the Court's interrogatories.

Tuttle and Robinson have compromised their FLSA claims. The Court, therefore, must consider whether the payment to Plaintiffs' attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept.

#### B.   *Attorney's Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The settlement agreement provides for a payment of $450.00 to Attorney Leach for attorney's fees and costs. The cost ledger filed with the motion reflects $444.00 in taxable costs, specifically the filing fee and service of process. Accordingly, under the settlement, Leach is receiving only $6.00 for his work in the case. Such a de minimus sum in attorney's fees is sufficient to establish that the attorney's fees and costs paid under the settlement did not taint the amount that either Plaintiff agreed to accept in settlement.

*C. Fairness Finding.*

The considerations that favored settlement described in the motion are sufficient to find the settlement agreement reasonable, particularly because both parties were advised by counsel and voluntarily agreed to the settlement. Therefore, I recommend that the Court find that settlement is a fair and reasonable resolution of this case. I recommend that the Court not approve the settlement as a whole or reserve jurisdiction to enforce it.

**IV. RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **PROHIBIT** counsel for Tuttle and Robinson from withholding any portion of the $1,025.00 payable to Tuttle and Robinson under the settlement agreement;

3. **ORDER** counsel for Tuttle and Robinson to provide a copy of the Court's Order to Tuttle and Robinson;

4. **DISMISS** the case with prejudice without reserving jurisdiction to enforce the settlement agreement; and

5. **DIRECT** the Clerk of Court to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 22, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE